IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:24-CR-00185-DMT-1 |
| | ) | |
| GUNNAR JAMES EBERT | ) | |

SENTENCING MEMORANDUM

Mr. GUNNAR JAMES EBERT, pursuant to Fed. R. Crim. P. 32(b), submits the following position regarding sentencing.

**I.    Statutory Penalties**

This Court shall consider "the kinds of sentences available."[1]

On May 28, 2025, Mr. Ebert pleaded guilty to one count of possession of firearms and ammunition by a drug user or addict in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(8), and 2.[2] The offense is a Class C felony that carries statutory maximum penalties of fifteen years of imprisonment and a $250,000 fine.[3] There is no statutory minimum term of imprisonment in this case.[4]

**II.    Sentencing Guidelines**

This Court "shall consider . . . the kinds of sentence and sentencing range established" by the sentencing guidelines.[5] Mr. Ebert agrees with the

---

[1] 18 U.S.C. § 3553(a)(3).
[2] PSR, ¶ 2–3.
[3] *Id.*
[4] *Id.*
[5] 18 U.S.C. § 3553(a)(4).

sentencing guidelines as calculated by the probation officer, which are as follows:

| | |
|---|---|
| Base Offense Level: | 14 |
| Specific Offense Characteristics (Number of Firearms): | +4 |
| Adjusted Offense Level: | 18 |
| Acceptance of Responsibility: | –3 |
| Total Offense Level: | 15 |
| Criminal History Category: | 0 (I) |
| Sentencing Guidelines Imprisonment Range: | 18–24 months[6] |

Though Mr. Ebert concurs with the guidelines as calculated, he emphasizes that the number of firearms (10) is disproportionately large given that some of the firearms belonged to other household and family members. Additionally, but for the nature of the offense (firearms), his complete and utter lack of criminal history would qualify him for a two-point reduction as a zero-point offender which would reduce his guidelines to a Total Offense Level 13 within Zone C of the sentencing guidelines table for a resulting recommended guidelines range of 12–18 months of imprisonment. Additionally, the Government expressed concerns for Mr. Ebert's statements, reflected in PSR ¶¶ 9–10, wherein Mr. Ebert notes that the investigation and charges were "unrelated;" he offers an expansion of this below.

III. **18 U.S.C. § 3553**

  a. **Nature and Circumstances of the Offense and the History and Characteristics of Mr. Ebert (18 U.S.C. § 3553(a)(1))**

Mr. Ebert does not dispute that he purchased marihuana in 2022 and

---

[6] PSR, ¶¶ 12–21.

2

2023 from a dispensary in Montana. Based on the bank records, the fact that the marihuana was purchased from a dispensary, and the dollar values of the transactions, it is evident that the amounts purchased were exclusively for personal use. Mr. Ebert does not dispute that it was wrong to transport his purchases across state lines, but did not understand the severity of his actions at that time, believing that marihuana would soon be legalized in North Dakota.[7]

In 2023, the FBI investigated Telegram posts by Mr. Ebert, brought Mr. Ebert in for questioning, suggested that Mr. Ebert refrain from making similar comments online, and did not pursue arrest or indictment at that time. In 2024, Mr. Ebert continued posting to Telegram, voluntarily participated in an interview with agents, and was advised to cease engagement on Telegram. When the agents were alerted that Mr. Ebert was to be discharged from the U.S. Military, they elected to proceed with criminal prosecution and moved to detain Mr. Ebert.

On October 8, 2025, the Government filed a one-count complaint, alleging that Mr. Ebert was a drug user in possession of firearms and detailing an investigation that contained unsavory internet posts, but which did not pertain to drug use or sales. Mr. Ebert was arrested that day, and, on October 10, 2025, Mr. Ebert retained Lowther | Walker LLC. Ms. Spearman

---

[7] Marijuana Policy Project, *North Dakota*, https://www.mpp.org/states/north-dakota/#:~:text=Timeline%20of%20cannabis%20policy%20reform%20in%20North%20Dakota&text=2024%20%2D%20New%20Economic%20Frontier%20led,receiving%2047%25%20of%20the%20vote (last accessed August 19, 2025).

3

immediately joined the case and initiated conversations with the Government to secure Mr. Ebert's release from custody pending the outcome of his case; these attempts were unsuccessful as the Government and Court—contrary to Pretrial Services' recommendation of release on a Personal Recognizance bond—reiterated their concerns and detained Mr. Ebert pending trial. On October 17, 2025, the U.S. Military served formal separation documents on Mr. Ebert through his attorney of record.

Following the superseding indictment in November 2024, Mr. Ebert notified the Government, through undersigned counsel, of his desire to accept responsibility and to either enter a plea agreement or plead directly. The Government informed undersigned counsel that it would not stop investigating Mr. Ebert and that it would not consent to being precluded from filing additional charges. The Government instructed Ms. Spearman to follow up in mid-January 2025. On January 13, 2025, Ms. Spearman inquired, and the Government responded that it had not yet decided regarding additional charges. January 28, 2025, the Government confirmed that it had completed its investigation into Mr. Ebert's conduct and stated that it had still not decided regarding charges. Despite this early notification, Mr. Ebert was forced to file a motion to continue and was not afforded the benefit of a reduction pursuant to an Early Disposition Departure. It was not until mid-February that the Government was able to provide proposed plea terms to Mr. Ebert. Due to complications with the jail-mail system, Mr. Ebert, *despite notifying the*

4

*Government in November of 2024*, was unable to produce an executed plea agreement to the Court until March 17, 2025.

 Mr. Ebert provides the above timeline to both show that he very quickly realized the seriousness of his situation and accepted responsibility for his actions, and to provide background that despite a years'-long investigation, which continued three months after his arrest, the Government decided not to file any additional charges against Mr. Ebert other than his being a drug user in possession of a firearm. Given that, it's clear why Mr. Ebert *feels* that the initial investigation and offense of conviction are "unrelated."

 Mr. Ebert is a dedicated son who works for the family business, helps around his childhood home, and helps homeschool his siblings; a loving brother who drives his siblings to their appointments and extracurricular activities; and a devoted young husband who was proud to provide for his wife and now is ashamed that she has needed to find employment outside of the home. He and his wife are hopeful to grow their family in the near future, and Mr. Ebert looks forward to teaching the next generation more love and acceptance than he exhibited in his online posts.

  **b. Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))**

 Criminologists have shown, empirically, that harsher sentences do not deter the public from committing crimes generally; instead, the certainty of

being caught has a more significant deterrent effect.[8] Mr. Ebert's arrest and conviction will be the most deterrent factor in this case to prospective criminals, not the length or severity of his sentence.[9] A sentence substantially below the sentencing guidelines range will suffice for general deterrence.

    c.    **Need to Protect the Public from Mr. Ebert's Future Criminal Conduct (18 U.S.C. § 3553(a)(2)(C))**

Presumably, the Government's primary goal in arresting Mr. Ebert was to prevent any action based on his online posts. The Government, by its own lengthy investigation, did not find any information to substantiate additional charges. Mr. Ebert has been in the custody of the U.S. Marshals Service since his arrest on October 8, 2024, and has been in jail for ten months and twelve days. Mr. Ebert, who has no prior criminal history of any kind, has had the fear of not only God, but of the American justice system, instilled in him. Following his incarceration, Mr. Ebert will be serving a term of supervised release with increased reporting and will forever be a convicted felon unable to lawfully purchase firearms. Therefore, the Government's primary goal of monitoring Mr. Ebert's activities will continue to be met, as he will be under the scrutiny of the law for the rest of his life.

    d.    **Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (18 U.S.C. § 3553(a)(2))**

Mr. Ebert is aware of the seriousness of his offense and that marijuana

---

[8] Charles E. Loeffler & Daniel S. Nagin, *The Impact of Incarceration on Recidivism*, 5 Ann. Rev. of Crim. 133–152 (2022).
[9] *Id*.

is an illicit substance. However, respectfully, marijuana is not historically associated with erratic, violent, or explosive behavior. On the contrary, it is typically considered a relaxing substance that sedates and diminishes the actions of its users.

Mr. Ebert consumed marijuana, which has been decriminalized in twenty-seven states.[10] Marijuana is simply not as deadly as other drugs. The Drug Enforcement Administration affirmatively stated that there have been no recorded overdose deaths from consuming cannabis, while a whopping 2,467 people died yearly from 2017 to 2020 from alcohol poisoning.[11] Of course, consuming an illicit substance is a serious crime, but one that is likely not deadly to others, unlike alcohol, which is a legal drug. Mr. Ebert has not been accused of distributing marijuana, nor has it been alleged that he actively used firearms while under the influence of marijuana.

e.  **Substance Abuse and Mental Health Treatment or Vocational Training (18 U.S.C. § 3553(a)(2)(D))**

Mr. Ebert respectfully submits that, due to his history of severe mental illness, it would be appropriate for this Court to recommend continued psychological care while he is on supervised release. If he is to serve a term of

---

[10] Athena Chapekis & Sono Shah, *Most Americans now live in a legal marijuana state – and most have at least one 2 dispensary in their county*, Pew Research Center (2024) (last visited March 2024).
[11] Drug Enforcement Administration, *Marijuana*, https://www.dea.gov/factsheets/marijuana (last visited Mar. 2024); Minnesota Department of Health, Estimates of Alcohol Poisoning Deaths (2021) https://www.health.state.mn.us/ 4 communities/alcohol/documents/alcoholpoison2021.pdf (last visited Mar. 2024)

imprisonment, it would be prudent for this Court to recommend that he receive psychological treatment there as well.

### f. Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))

According to the U.S. Sentencing Commission, 90.4% of persons convicted under 18 U.S.C. § 922(g) were convicted because of a prior felony conviction.[12] Furthermore, only 8.6% of defendants were Criminal History Category I, and the average age was 35.[13] That means that Mr. Ebert, as a young man without a criminal history, is certainly unique amongst offenders convicted under 922(g).[14] Of those sentenced for offending 922(g), only 51.4% received a within-guidelines sentence.[15] 42.7% of offenders received a below-guidelines sentence. For those who received a below-guidelines sentence, the average reduction was 37.373%.[16] A time-served sentence here would clearly not cause national disparities.

## IV. Letters in Support

Mr. Ebert refers to the letters in support of his character previously filed by the probation officer.

---

[12] U.S. Sent'g Comm'n, *Quickfacts: Firearms Offenses*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Felon_In_Possession_FY24.pdf (2024).
[13] *Id.*
[14] *Id.*
[15] Judiciary Sentencing Information, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed August 19, 2025)
[16] *Id.*

8

**V.      Recommended Designation**

If Mr. Ebert is to serve a term of imprisonment, he requests that this Court recommend that the Bureau of Prisons designate him to a facility as close to his family as possible.

**VI.     Conclusion**

Mr. Ebert, based on the foregoing assertions and argument, prays that this Court sentence him, *inter alia*, to time served.

Date:      August 19, 2025

                                      Respectfully Submitted,

                                      ***s/ Katryna Lyn Spearman***
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, Georgia 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorney for Defendant
Gunnar James Ebert

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:24-CR-00185-DMT-1 |
| | ) | |
| GUNNAR JAMES EBERT | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I electronically filed the foregoing SENTENCING MEMORANDUM with the Clerk of the United States District Court for the District of North Dakota by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date: August 19, 2025

Respectfully Submitted,

*s/ Katryna Lyn Spearman*
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, Georgia 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com